ON REHEARING GRANTED
BOYD, Justice.
Respondents filed a petition for rehearing, objecting to this Court’s order heretofore entered in this cause, which directed them to pay attorney’s fees of two thousand dollars to petitioner’s attorney for his services before this Court in this cause.
We have further considered the record and Section 627.428(1), Florida Statutes, 1971, F.S.A.,[1] requiring an insur- *260 anee company to pay attorney’s fees for the insured person when the failure of the company to pay, as provided in the policy, requires litigation.
The respondent insurance company paid the fees to petitioner’s attorney in the trial court. All further litigation resulted from a claim asserted against the insurance funds by the respondent Bank. Since the litigation subsequent to the controversy in the original proceedings, contesting the obligation of the company to pay, were not within the purview of the above statute, the respondent insurance company has no statutory obligation to pay the fees, and the Bank is not legally obligated to pay.
Rehearing is granted only on question of attorney’s fees, and the order on same is vacated.
CARLTON, C. J., and ROBERTS, ERVIN, DEKLE and DREW (Retired), JJ., concur.

. “Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial court, or, in the event of an appeal in which the insured or bene *260 ficiary prevails, the appellate court, shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured’s or beneficiary’s attorney prosecuting the suit in which the recovery is had.”